## SUPREME COURT.

THE NEW YORK SHOT AND LEAD COMPANY agt. WILLIAM H. CARY and others.

Where the plaintiffs were purchasers of premises at sheriff's sale, by assignment of the sheriff's certificate, and also held the title to the same by a conveyance subject to a mortgage given by the grantor which was *junior in lien,* to the judgment upon which the premises were sold, and were in possession,

*Held,* that the plaintiffs were not entitled to an *injunction* to restrain and stay the foreclosure and sale of the premises under the mortgage, before the expiration of the time of redemption upon the sale under the judgment.

That is, whatever estate or interest remained intermediate the judgment of foreclosure and the time when the purchase under the judgment at sheriff's sale, would become perfect, belonged to the mortgagee, and he had a right to require that the premises should be sold for the purpose of discharging his lien.

*New York Special Term, January,* 1860.

MOTION for injunction to stay foreclosure of mortgaged premises.

STEPHEN P. NASH, *for the motion.*
JOHN T. HOFFMAN, *opposed.*

INGRAHAM, Justice. McCullough, while the owner of the lease of the premises in controversy, executed a mortgage thereon to Cary, in October, 1855, which mortgage Cary has foreclosed and now has a judgment directing the sale of the premises to pay the same.

Under a prior judgment against McCullough, the right and title of McCullough has been sold, and the same has by assignment from the purchaser at such sale been vested in the plaintiffs. The time for redeeming the premises from the sale on execution has not yet expired.

The plaintiffs also hold by conveyance, subject to Cary's mortgage, the title to the premises and are in possession.

They commence this action asking to have an injunction restraining the sale under the mortgage foreclosure, for the purpose of having a separation made between the property subject to the mortgage, and the property of the plaintiffs, which they have placed upon the premises, and also claiming that inasmuch as they will obtain in February, a full title to the premises, that the sale under the mortgage should be staid.

It is apparent that if this application is granted, the lien of the mortgage ceases and becomes of no value. The sale under the judgment becomes perfect by the lapse of fifteen months thereafter, if not redeemed, and such sale then becomes a title paramount to the mortgage. If there is any interest, not included in such sale, justice requires that the same should be applied to the payment of the mortgage debt. The interest which the plaintiffs hold in this property by conveyance from McCullough is undoubtedly subject to the mortgage lien, and should be sold to pay that claim. The subsequently acquired interest by the purchase of the sheriff's certificate of sale does not alter the rights of the parties in the other estate; until that sale becomes

perfect, it gives the plaintiffs no title to the possession, and takes away from the mortgagee no rights which he otherwise possessed.

That estate or interest which the plaintiffs' hold as grantees of McCullough should not be relieved from the lien of the mortgage. Whatever it is, whether greater or less, the mortgagee has a right to require that it should be sold for the purpose of discharging his lien. The consequences of such sale to the plaintiffs, in divesting them of possession until their title under the judgment becomes perfect, should have no weight in the decision of this motion. It is the same in the case of all judicial proceedings where the debtor suffers from the attempt of the creditor to enforce payment of his claim. The company are nothing but such debtors or holders of the estate, subject to such claim under the mortgage, and having a prior lien as purchasers of the sheriff's certificate, not entitled to the possession until the purchase becomes absolute, and liable to be defeated by any judgment creditor who sees fit to redeem and take the rights which they hold.

It was urged that the mortgagee was concluded so far as to have no remedy since the sale and expiration of the time of redemption by the owner of the fee except to redeem as a mortgage creditor. I do not concur in that position. Whatever estate remained intermediate the judgment of foreclosure and the time when the purchase under the judgment becomes perfect, belongs to the mortgagee or his assignor, and is subject to the mortgage. The fact that it is small and fast expiring is the strongest reason why the sale should not be delayed. I find nothing in the authorities cited, which will justify me in depriving the mortgagee of the small remnant of security which he has for redress.

There are other reasons also why this sale should not be stayed. The rights of the parties should be considered as they existed at the time of commencing the action, and the subsequent purchase of claims ought not to be considered

sufficient to warrant the course asked for by the plaintiffs. Besides the sale of this interest, whatever it may be, seems to be necessary, as well to protect the plaintiff in the foreclosure, as to his claims for deficiency, and his claims upon the appeal.

I think the motion should be denied, and the temporary injunction dissolved.